**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CASE NO.:

ZOA ESTRADA,

Plaintiff,

vs.

TG ADMINISTRATION, LLC,
A Foreign Limited Liability
Company,

Defendant.
_______________________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, ZOA ESTRADA ("Ms. Estrada" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, TG ADMINISTRATION, LLC ("Defendant" or "TGA"), and states as follows:

1. Plaintiff brings this action for disability discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Lee County, Florida.

4. Defendant TGA is a foreign limited liability company organized under the laws of the State of Arizona that maintains a location and operates and conducts substantial business in Bonita Springs, Lee County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because:

   a. Plaintiff was a disabled employee who suffered discrimination and mistreatment because of her disabilities by Defendant; and

   b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disabilities, including termination.

6. Defendant was at all material times an "employer" as defined by the ADA, as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same set of operative facts and circumstances as her ADA claims.

9. Plaintiff worked for Defendant in Lee County, Florida, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

10. On or about December 10, 2024, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

11. On August 7, 2026, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her disability discrimination and retaliation claims within ninety (90) days of her receipt of same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Estrada worked for TGA, most recently as an Administrative Assistant at TGA's Spanish Wells Golf and Country Club in Bonita Springs, Lee County, Florida, from August 26, 2023, until her termination on March 6, 2024.

16. Unfortunately, in early 2024, Ms. Estrada suffered flareups of a disability, specifically weakness and numbness in her right leg and right side, which prevented her at times from walking, from maintaining balance while walking or standing, and which caused Ms. Estrada intermittent fatigue, weakness, numbness, loss of range of motion, and pain.

17. Ms. Estrada's flareups at times required her to be wheelchair-bound.

18. Ms. Estrada also suffered from some level of baseline numbness on her right side during this period of time.

19. Even worse, Ms. Estrada more than once overheard TGA co-workers making cruel jokes at her expense about her disability and need for accommodation.

20. TGA Food and Beverage Managers also cruelly made Ms. Estrada scale stairs to retrieve food that TGA served to Ms. Estrada cold.

21. On or about February 22, 2024, Ms. Estrada therefore requested from TGA the reasonable, non-burdensome accommodations of a handicapped door-push button for occasions when she was confined to a wheelchair, being permitted to bring her service dog with her on days when she was suffering or was likely to suffer

flareups of her disability, and late arrivals or working from home on days when cold weather exacerbated her symptoms and made her unable to walk very far.

22. In response to Ms. Estrada's requests, TGA Human Resources Representative Tesa Brooks promised to look over Ms. Estrada's accommodation request paperwork and get back to Ms. Estrada about her requests.

23. Neither Ms. Brooks nor TGA ever did so, however.

24. On or about February 28, 2024, Ms. Estrada therefore objected to TGA's Human Resources Department that TGA's mistreatment of her constituted disability discrimination in violation of the ADA and the FCRA.

25. In response, TGA assured Ms. Estrada that she would not be fired as she had no history of disciplinary actions against her.

26. Nevertheless, very shortly thereafter, on March 6, 2024, TGA called Ms. Estrada into the office of TGA General Manager Brad.

27. Ms. Brooks attended the meeting remotely via computer screen.

28. At that time, Ms. Brooks informed Ms. Estrada that, despite its very recent assurances of job security, TGA had in fact decided to terminate her employment, effective immediately, stating "after speaking with our Legal Department, they think it is best that we part ways."

29. The fact that TGA's Legal Department not only signed off on but actually masterminded this discrimination and retaliation based on disability against

Ms. Estrada gives rise to a conclusive presumption that TGA's unlawful discrimination and retaliation were both willing and knowing.

30. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

31. TGA terminated Ms. Estrada owing to her disabilities and her requests for accommodation.

32. The timing of Plaintiff's disclosure of her disabilities, her requests for accommodation, and TGA's termination of Plaintiff create a close temporal proximity between the events.

33. Ms. Estrada's health conditions certainly are considered protected disabilities under the ADA and the FCRA.

34. Plaintiff was qualified to perform the essential functions of the position, but TGA believed that due to her disabilities, Plaintiff could not continue employment with Defendant.

35. The ADA requires an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

36. Defendant failed to accommodate Plaintiff's disabilities and related symptoms.

37. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

38. Defendant lacked a good faith basis for its actions.

39. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA.

40. TGA was aware of Ms. Estrada's ADA-protected medical conditions and her need for accommodation.

41. Defendant, however, being well aware of Plaintiff's disabilities, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same, and terminated her in retaliation for her requests for accommodation.

42. Ms. Estrada is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Administrative Assistant position.

43. Reasonable accommodation would have permitted Ms. Estrada to perform her job duties, and would have imposed no undue hardship on Defendant.

44. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of her medical conditions, and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

45. Defendant's reason for discharging Plaintiff is direct evidence of its intent

to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA and the FCRA.

46. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA and the FCRA.

47. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties with or without reasonable accommodation.

48. Despite the availability of a reasonable accommodation under the ADA and the FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her medical conditions from completing the assigned job duties, Defendant discriminated against Plaintiff based on her disabilities and need for accommodation, and terminated Plaintiff in retaliation for her requests for accommodation.

49. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

50. Pleading in the alternative, Plaintiff's impairments did not substantially limit a major life activity, but were treated by Defendant as if they did.

51. Pleading in the alternative, Plaintiff's medical conditions constituted impairments that limited a major life activity only because of Defendant's attitude toward the impairments.

52. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

53. Any reason provided by Defendant for its discharge of Plaintiff is a pretext and cover-up for illegal discrimination and retaliation.

54. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned by the ADA and the FCRA.

55. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of her disability and/or "perceived disability[ies]."

56. "Reasonable accommodation" under the ADA and the FCRA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

57. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

58. As a result of Defendant's unlawful, discriminatory, and retaliatory discharge of Plaintiff, Plaintiff has suffered severe emotional distress, including but

not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

59. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

60. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

61. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 60 of the Complaint, above, as though fully set forth in this Count.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

63. The discrimination to which Plaintiff was subjected was based on her disabilities, or Defendant's perception that Plaintiff was disabled.

64. Defendant unlawfully terminated Plaintiff based on her medical conditions and disabilities, and/or perceived disabilities.

65. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

66. The conduct of Defendant was so willful, wanton, and in reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 60 of the Complaint, above, as though fully set forth in this Count.

69. Plaintiff was terminated within close temporal proximity of her requests for accommodation and her objections to Defendant's discrimination against her based on disability.

70. Plaintiff's requests for accommodation, and her objections, constituted protected activity under the ADA.

71. Plaintiff was terminated as a direct result of her requests for accommodation for her disabilities and her objections to Defendant's discrimination.

72. Plaintiff's requests for accommodation, her objections, and her termination are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

77. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

78. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 60 of the Complaint, above, as though fully set forth in this Count.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

80. The discrimination to which Plaintiff was subjected was based on her disabilities, or Defendant's perception that Plaintiff was disabled.

81. Defendant unlawfully terminated Plaintiff's employment based on her medical conditions and disabilities, and/or perceived disabilities.

82. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

83. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

84. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

85. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 60 of the Complaint, above, as though fully set forth in this Count.

86. Plaintiff was terminated within close temporal proximity of her requests for accommodation and her objections to Defendant's discrimination against her based on disability.

87. Plaintiff's requests for accommodation, and her objections, constituted protected activity under the FCRA.

88. Plaintiff was terminated as a direct result of her requests for reasonable accommodation for her disability and her objections to Defendant's discrimination.

89. Plaintiff's requests for accommodation, her objections, and her termination are causally related.

90. Defendant's stated reasons for Plaintiff's termination are a pretext.

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

94. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 5th day of November, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***

Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorneys for Plaintiff*